IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DANTE JOSEPH EVANS**                                                                   **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:20-cv-66-CWR-MTP**

**PELICIA HALL, et. al.**                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion for Summary Judgment [40] filed by Defendants George Castro, Terry Daniel, Scott Middlebrooks, and Erika Perkins (hereinafter referred to as "Movants"). Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion for Summary Judgment [40] be granted and that the Movants be dismissed from this action without prejudice.

## BACKGROUND

On March 3, 2020, Plaintiff Dante Joseph Evans, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose from an incident on December 19, 2019, while he was incarcerated at Wilkinson County Correctional Facility ("WCCF") as a post-conviction inmate in Mississippi Department of Corrections ("MDOC") custody. *See* [1] at 5.

Plaintiff asserts that Defendants failed to protect him after fellow inmate Steven Strange held a knife to Defendant London's head, took her keys, and proceeded to attack Plaintiff. *Id.* at 14. Plaintiff claims he and Strange chased each other around a table for 20 to 30 minutes before the officers got involved, and he was eventually sprayed with mace. *Id.* at 15; *see also* [40-1] at

1

14. According to Plaintiff, only Defendants Pullum, London, and Williams were present during the incident.[1] *See* [40-1] at 14.

On October 6, 2020, Defendants George Castro, Terry Daniel, Scott Middlebrooks, and Erika Perkins filed a Motion for Summary Judgment [40] alleging that Plaintiff failed to exhaust his administrative remedies prior to filing his claims against them.[2] On October 16, 2020, Plaintiff filed his Response [43]. On October 20, 2020, Movants filed their Reply [46].

## STANDARD FOR SUMMARY JUDGMENT

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The Court must view "the evidence in the light most favorable to the nonmoving party." *Id*. The nonmoving party, however, "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983.

---

[1] Defendants Captain Aisha Pulliam, Officer Courtney London, and Officer Shannon Williams concede that Plaintiff properly exhausted his claims against them. *See* [40] at 1-2.

[2] As of the date of this Report and Recommendation, Defendant "Deputy Warden Gabriel Walker" has not entered an appearance.

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Exceptions to the exhaustion requirement are only appropriate where the available administrative remedies are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be patiently futile. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*.

*Motion for Summary Judgment [40]*

In support of their Motion [40], the Movants submitted an affidavit from Janice Williams, the Administrative Remedy Program Coordinator at WCCF, stating that during Plaintiff's incarceration, there was an administrative remedies program at the jail. *See* [40-1]. Movants also submitted a copy of the jail's inmate handbook, which sets forth the grievance policy for the facility. *See* [40-2].

The grievance process requires a "first step" in which the inmate writes a letter setting forth the basis of his claim and the relief he requests. *Id*. at 4. Once accepted, a response is required from the facility within 40 days. *Id*. at 5. After the inmate receives a response, if he is still unhappy with the result, he may proceed to the second step. *Id*. A final decision from the "Superintendent, Warden[,] or Community Corrections Director" is then made, and if the inmate remains unsatisfied with the outcome, he may file suit in Court. *Id*.

Williams states that she reviewed Plaintiff's entire file and provided copies all of the grievances submitted by Plaintiff surrounding the alleged incident.[3] Movants argue that Plaintiff failed to exhaust available administrative remedies concerning his claims against them and therefore his claims should be dismissed for failure to properly exhaust his administrative remedies. *See* [40] at 2. Plaintiff Responded to the Motion for Summary Judgment and asserts that his claims against Movants are "for failure to ensure [his] safety at WCCF as a supervising officer, failur[e] to train staff properly, emotional injury." *See* [43] at 2. Plaintiff additionally alleges that his grievance was sufficiently specific to put the Movants on notice that his claims

---

[3] A copy of all grievances filed relating to the incident with inmate Strange are attached to the Motion for Summary Judgment [40]. *See* [40-1].

were against them, and if they "wanted more facts they could have actually investigated the grievance and cared enough to look into these or this issue." *See* [43] at 5.

The MDOC Inmate Handbook states that an ARP request "should present as many facts as possible to answer all the questions who, what, when, where, and how concerning the incident." *See* [40-3] at 1. The Fifth Circuit held that a Plaintiff is "not required to present specific legal theories in his grievances, but he was required to provide facts and to alert prison officials of the problem in order to give them an opportunity to address it." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). This Court has previously held that "this portion of the ARP requires that all officials involved be named or at least referenced in description." *Holton v. Hogan*, 2018 WL 707544, at *3 (S.D. Miss. Jan. 10, 2018) (citing *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001)). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 517.

Plaintiff's grievance does not make any claims against Movants or provide any notice that Plaintiff intended to bring claims against them. *See* [40-1] at 13-17. There is no mention of Movants or any reference to a description of a person that could be one of the Movants. *Id*. Plaintiff's claims against Defendants George Castro, Terry Daniel, Scott Middlebrooks, and Erika Perkins should be dismissed without prejudice for failure to exhaust his administrative remedies as required by the PLRA. Accordingly, the Court should grant the Motion for Summary Judgment [40] as to these Defendants.

As noted above, several of the Defendants were present the day of the alleged incident and concede that Plaintiff exhausted his administrative remedies for his grievances against them. *See* [40] at 1-2. The case should proceed as to those Defendants at this time.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. The Motion for Summary Judgment [40] be GRANTED;

2. Plaintiff's claims against Defendants George Castro, Terry Daniel, Scott Middlebrooks, and Erika Perkins be dismissed without prejudice; and

3. The action continue as to the remaining Defendants at this time.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 29th day of January, 2021.

s/ Michael T. Parker
United States Magistrate Judge